IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4002-01-CR-C-NKL |
| ) | |
| RODNEY KEITH RODEBAUGH, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

On December 4, 2006, a hearing was held on the respective motions for bill of particulars, severance, disclosure of confidential informants, and suppression filed by codefendants Cyrus Pope, Douglas Comstock, Calvin Corley and Olan George. All defendants had the opportunity to present evidence and to cross-examine any witnesses.

Defendant Rodney Keith Rodebaugh's motion to compel disclosure of the identity of confidential informers and/or plea agreements or other consideration relating thereto was not addressed at the hearing; however, a hearing was held on defendant's motion on February 12, 2007, at which the parties stipulated to the facts of the December 4, 2006 hearing. All witnesses for the Government have been or will be identified prior to trial.

Defendant has failed to show that disclosure, prior to the time required by the Jencks Act, 18 U.S.C. § 3500, of confidential informants or "implanted infiltrators" is necessary to ensure a fair trial, or is beneficial to defendant's defense. Defendant has raised no specific issue, such as entrapment, which would justify or necessitate an earlier disclosure of such individuals. The Constitution does not require that prosecutors disclose the identity of confidential informants in every case. McCray v. Illinois, 386 U.S. 300 (1967). To justify the compelled disclosure of a confidential informant's identity, a defendant must show that his right to the information outweighs the Government's traditional privilege to withhold it. Roviaro v. United States, 353 U.S. 53, 59-62 (1957). "In order to override the Government's privilege of nondisclosure,

defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). An informant's testimony is material if it is necessary to ensure a fair trial or is relevant and helpful to the defense theory or the case. Id. Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who will not be a witness at trial is not subject to compulsion. United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997). In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure. Id. (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)). Defendant Rodebaugh has failed to show that the confidential informants, who will not testify for the Government, have any evidence which is material to any issue in this case.

Based upon the foregoing, the law does not require the Government to disclose confidential informants prior to trial. This court's pretrial scheduling order requires identification of all governmental witnesses no later than seven days prior to trial. Thus, information concerning plea agreements and inducements is also to be made available prior to trial. The Government has indicated it will comply with that order. Earlier disclosure is not required.

IT IS, THEREFORE, RECOMMENDED that defendant's motion to compel disclosure of the identity of confidential informers and/or plea agreements or other consideration relating thereto be denied. [225]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 5th day of April, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge