IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4002-01-CR-C-NKL |
| ) | |
| RODNEY KEITH RODEBAUGH, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

ORDER

On April 5, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Rodney Keith Rodebaugh's ("Rodebaugh") Motion to Suppress Evidence Obtained Through Interception of Wire Communications [ Doc. # 226]. *See* Report and Recommendation [Doc. # 403]. The R&R reminded the Rodebaugh that he had ten days from the date he received the R&R to file objections. More than ten days have passed and Rodebaugh has not objected. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted..

An order authorizing a wiretap must include, among other things, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too

1

dangerous." 18 § 2518(1)(c). DEA agent Steve Mattas testified that a wiretap was necessary in this case because, although an investigation had been ongoing for some time, the government needed corroborating evidence of the scope of the conspiracy involved which they had not been able to acquire through other means. Law enforcement need not exhaust all other possible sources of evidence to satisfy § 2518(1)(c). *See United States v. Matya*, 541 F.2d 741, 745 (8th Cir. 1976). Mattas's testimony is sufficient to establish the necessity of a wiretap. *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003). No attempt has been made to impeach Mattas's testimony. Nor has Rodebaugh made any attempt to challenge the affidavit supporting the extension of the wiretap for an additional 30 days. *See* 18 U.S.C. § 2518(1)(f) ("a statement setting forth the results thus far obtained from the interception, or a reasonable explanation of the failure to obtain such results" must be included in a application to extend an existing wiretap.) Accordingly, it is hereby

ORDERED that Judge Knox's Report and Recommendation of April 5, 2007 [Doc. # 403], is ADOPTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 9, 2007
Jefferson City, Missouri

2

Case 2:06-cr-04002-NKL   Document 482   Filed 07/09/07   Page 2 of 2