IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4002-01-CR-C-NKL |
| | ) | |
| RODNEY KEITH RODEBAUGH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

On April 5, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Rodney Keith Rodebaugh's ("Rodebaugh") Motion to Compel Disclosure of the Identity of Confidential Informers and/or Plea Agreements or Other Consideration Relating Thereto. [Doc. # 225]. *See* Report and Recommendation [Doc. # 404]. The R&R reminded Rodebaugh that he had ten days from the date he received the R&R to file objections. More than ten days have passed and Rodebaugh has not objected. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted.

The Constitution does not require that prosecutors disclose the identity of confidential informants in every case. *McCray v. Illinois*, 386 U.S. 300 (1967). To compel disclosure of a confidential informant's identity, a defendant must show that his

1

right to the information outweighs the Government's traditional privilege to withhold it. *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). An informant's testimony is material if it is necessary to ensure a fair trial or is relevant and helpful to the defense theory or the case. *Id.* Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who will not be a witness at trial is not subject to compulsion. *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997). The defendant bears the burden of demonstrating a need for disclosure. *Id.* (citing Roviaro, 353 U.S. at 59.

Rodebaugh has not demonstrated that the non-testifying confidential informants have any evidence which is material to any issue in this case. Those who will testify must be disclosed seven days before trial per the Court's Scheduling Order, along with any information concerning plea agreements and inducements. The Government has indicated it will comply with that Order, and the Court finds no reason to accelerate those deadlines.

Accordingly, it is

ORDERED that Judge Knox's Report and Recommendation of April 5, 2007 [Doc. # 404], is ADOPTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY

United States District Judge

Dated: <u>July 9, 2007</u>
Jefferson City, Missouri

Case 2:06-cr-04002-NKL   Document 483   Filed 07/09/07   Page 3 of 3